```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHAWN D. TAYLOR                 :         CIVIL ACTION
                                :
          v.                    :
                                :
COUNTY OF CHESTER, et al.       :         NO. 23-4031
```

MEMORANDUM

Bartle, J.                                          January 3, 2025

Before the court is the Motion of plaintiff Shawn Taylor "to Request Leave to File an Amended Complaint." Taylor, currently incarcerated at SCI-Rockview, brought suit pursuant to 42 U.S.C. § 1983. His present claims assert unconstitutional denial of dental and medical care when he was confined as a pretrial detainee at Chester County Prison ("CCP").

I.

Taylor, acting pro se filed his initial complaint on October 16, 2023 while still incarcerated at CCP. (Doc. #2). He named four defendants: the County of Chester, Prime Care Medical, Inc., Warden Ronald Phillips, and Deputy Warden George Roberts. (Id. at 2).[1] Taylor sought to impose municipal liability on the County of Chester and Prime Care and supervisory liability on Phillips and Roberts based on the conditions to which he had been subjected at CCP, beginning with his arrival there on July 14, 2023. He asserted claims for

---
1. The court adopts the pagination supplied by the CM/ECF docketing system.

1

violations of his First Amendment right to "freedom of speech," Eighth Amendment rights, and Fourteenth Amendment rights. (Id. at 5).

After granting leave to proceed in forma pauperis, the court screened Taylor's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court concluded that Taylor had sufficiently alleged his Fourteenth Amendment claims against Chester County and Prime Care related to his alleged denial of dental treatment and his alleged denial of medical treatment for asthma. Taylor v. Cnty. of Chester, 23-cv-4031, at *7 (E.D. Pa. Nov. 6, 2023).

The court dismissed Taylor's remaining claims without prejudice. Id. at *8. The court concluded that Taylor's remaining allegations against Chester County and Prime Care were insufficient to state a plausible claim against those defendants, id. at *7, and that Taylor's claims against Phillips and Roberts were "premised on generalized allegations that are insufficient to support a plausible claim" of supervisory liability under § 1983. Id. at *8.

Because Taylor is pro se and because his claims were dismissed without prejudice, the court gave Taylor the option to file an amended complaint "in the event he can address the defects the Court ha[d] noted." Id.

On November 24, 2023, Taylor exercised his option to file an Amended Complaint--his second bite at the apple. (Doc. #7). Rather than cure the defects in his initial allegations, however, Taylor named in his Amended Complaint the previously dismissed Deputy Warden Roberts and added three entirely new defendants: Warden Howard Holland, "Karen Murphy, HSA," and Dr. Martin Zarkoski. Id. at 3. Taylor also included a claim for deprivation of his Sixth Amendment "access to courts." Id. at 7.

Nevertheless, "[t]he factual allegations in the Amended Complaint essentially mirror[ed] those in Taylor's initial complaint." Taylor v. Cnty. of Chester, 23-cv-4031, 2023 WL 8358345, at *1 (E.D. Pa. Nov. 30, 2023). Accordingly, Taylor's Fourteenth Amendment claims against Chester County and Prime Care based on their alleged policies pertaining to his dental treatment and asthma were allowed to proceed. Id. at *9. The remaining claims were dismissed--this time with prejudice. (Doc. #15).

In May, 2024, this court entered a Scheduling Order. (Doc. #45). Pursuant to that Order, discovery is already under way. Defendants have deposed Taylor, and fact discovery is scheduled to be completed by the end of February, 2025.

On July 11, 2024, after the court had already entered its scheduling order, Taylor filed a "Motion . . . to Be Moved

3

Off the Prisoner Rights Panel and Request to Amend and Supplement the Complaint." (Doc. #53).  The Motion to Be Moved Off the Panel was denied as moot.[2]  (Doc. #55).  This was Taylor's third bite at the apple at drafting his complaint.  The court denied Taylor's motion to amend his complaint without prejudice on July 27, 2023 as Taylor had failed to attach a copy of the amended complaint he sought to file.  (Doc. #57).

On August 5, 2024 Taylor took his fourth bite when he filed what amounts to a second Motion for Leave to File an Amended Complaint.[3]  (Doc. #59).  Again, he did not provide a copy of the Amended Complaint.  In his motion, Taylor explained that although he would "not be deviating from his Dental [sic] and asthmatic issues," the second amended complaint would "clarify the facts, dates, times and defendants along with new claims involving the deliberately [sic] indifferent [sic] actions by the defendants."  He further sought to add "newly discovered defendants . . . Karen Murphy and Dr. Martin Zarkoski."  These two individuals were not newly discovered as they had previously been dismissed as defendants.

---

2. The court had notified its Prisoner Civil Rights Panel of this action after Taylor filed a Motion for Appointment of Counsel. (Mot., ECF No. 19).  However, by April, 2024 it appeared that no lawyer on the Panel had agreed to represent Taylor.  The action was thus removed from the panel on April 16, 2024, (Order, ECF No. 40).
3. Taylor's filing is entitled "Motion in Reply to Defendants Motion in Opposition to Plaintiffs Motion for Leave to File an Amended Complaint."

4

The court again denied Taylor's motion without prejudice. He had failed to provide a copy of the proposed second amended complaint and he did not "appear to seek leave to add any claims or parties that were not previously considered and dismissed by this court." (Doc. #68 at 3). Nor had he pleaded "any specific facts." Id.

## II.

Taylor filed the present Motion to Request Leave to File an Amended Complaint on November 18, 2024. (Doc. #69). This time, he attached a proposed amended complaint. In it, Taylor seeks to add nine defendants. That number includes three defendants who had previously been dismissed with prejudice: Deputy Warden Roberts, Karen Murphy, and Dr. Martin Zarkoski. Id. at 6. It also includes six defendants not previously identified in Taylor's earlier pleadings: Director Tim Mulrooney, Daysia Porrata, Megan MacMinn, Jaclyn Casey, and Sergeants Matthew Taylor and Mark DiOrio. Id.

Taylor's proposed amended complaint includes more detail than Taylor's previous pleadings. As to Porrata, MacMinn, and Casey--all medical staff at CCP--Taylor avers that they falsified his medical records and logged "inconsistent recordings" in said records. Id. at 8. As to Sergeants Taylor and DiOrio, Taylor claims that the officers retaliated against his filing grievances and complaints by refusing to escort him

5

to medical appointments and by marking certain other appointments "refused," despite Taylor never having been aware of such appointments. Id. at 9. Taylor further alleges that Sergeants Taylor and DiOrio spoke openly about their retaliation. Id. Finally, Taylor asserts that Director Mulrooney and Deputy Warden Roberts were aware of these actions.

Defendants Chester County and Prime Care oppose Taylor's Motion on the ground that his proposed amendments would be futile. See (Doc. #7); (Doc. #73).

### III.

A party may amend its pleading only with the opposing party's written consent or with the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." Id. "The decision whether to grant or to deny a motion for leave to amend rests within the sound discretion of the district court." United States v. Sun Healthcare Grp. Inc., Civil Action No. 16-843, 2024 WL 1640983, at *2 (E.D. Pa. Apr. 16, 2024) (citing Foman v. Davis, 371 U.S. 178, 182 (1962). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

"Implicit in the concept of 'undue delay' is the premise that Plaintiffs, in the exercise of due diligence, could have sought relief from the court earlier." Romero v. Allstate

6

Ins. Co., Civil Action No. 01-3894, 2010 WL 2996963, at *5 (E.D. Pa. July 28, 2010) (quoting In re Pressure Sensitive Labelstock Antitrust Litig., MDL 03-1556, 2006 WL 433891, at *1 (M.D. Pa. Feb. 21, 2006).

All of Taylor's claims stem from his alleged personal experiences and interactions while at CCP.  Through the exercise of due diligence, he could have sought relief from the court much earlier.  Taylor filed his initial complaint against four defendants over a year ago.  When some of the claims in that complaint failed for lack of factual specificity, Taylor was granted leave to amend in order to rectify those shortcomings.  Taylor has thereafter filed an amended complaint, a proposed amended complaint, and several motions to amend, which would include entirely new defendants and claims, of which Taylor clearly had already been aware.  Furthermore, Taylor offers no explanation for this delay.  He simply contends in a prior motion without any specificity that "facts have come to light in discovery."  (Doc. #59 at 4).

Allowing any amended complaint at this time would cause undue delay and would cause prejudice to defendants.  This action is now over a year old.  The parties are well into discovery, and the defendants have already taken the deposition of Taylor.  Fact discovery is set to be completed by the end of February 2025.

Accordingly, his motion for leave to file a second amended complaint will be denied.