IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHAWN D. TAYLOR                :          CIVIL ACTION
                              :
            v.                :
                              :
COUNTY OF CHESTER, et al.      :          NO. 23-4031

MEMORANDUM

Bartle, J.                                September 12, 2025

        Plaintiff Shawn D. Taylor is an inmate currently
incarcerated at SCI Rockview.  He brings claims under 42 U.S.C.
§ 1983 against defendants the County of Chester ("the County")
and PrimeCare Medical, Inc. ("PrimeCare").  The complaint
alleges that defendants maintained policies or customs that were
deliberately indifferent to his asthma and cavities.  Before the
court are the motions for summary judgment of the County and of
PrimeCare under Rule 56 of the Federal Rules of Civil Procedure.

                              I.

        Under Rule 56, summary judgment is appropriate "if the
movant shows that there is no genuine dispute as to any material
fact and the movant is entitled to judgment as a matter of law."
A dispute is genuine if the evidence is such that a reasonable
factfinder could return a verdict for the nonmoving party.  See
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).  By
the same token, when there is insufficient evidence in the
record for a reasonable factfinder to find for the nonmovant,

summary judgment must be granted.  See Anderson, 477 U.S. at 252.  "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will b e insufficient; there must be evidence on which the jury could reasonably find for [that party]."  Id.

Although the court views the facts and draws all inferences in favor of the nonmoving party, see In re flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004), Rule 56(e)(2) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposed of the motion."

## II.

The following facts are either undisputed or considered in the light most favorable to plaintiff Taylor, the nonmoving party.

Plaintiff was convicted of statutory assault, corruption of a minor, and involuntary deviate sexual intercourse.  He was incarcerated at Chester County Prison ("CCP") from July 14, 2023 to April 17, 2024, at which time he was transferred to a state correctional institution.

CCP has been accredited by the National Commission on Correctional Health Care ("NCCHC"), which establishes health

standards for prisons.  To receive accreditation, a prison must
meet certain standards of medical care.  In receiving its
accreditation, CCP has placed itself in rare company.  Only ten
percent of prisons receive accreditation from the NCCHC
nationwide.  CCP has been accredited for over twenty years.

CCP contracts with PrimeCare to provide medical,
dental, and mental health services to inmates at CCP.  During
the patient intake process, PrimeCare staff evaluates every
inmate for medical related issues and reviews and prescribes
medication.  PrimeCare and CCP maintain policies and procedures
for the provision of these services, including for asthma
treatment and dental care, all of which are premised on NCCHC
standards.

As part of its asthma-related policies and procedures,
PrimeCare distributes written materials regarding asthma
guidelines to all PrimeCare staff with prescriptive authority at
CCP.  Correctional officers are required to participate in
training regarding asthma care.

Inmates are not permitted to carry inhalers on their
person as they can be abused for their stimulating effects.
Nevertheless, Albuterol treatments are readily available and
Dulera inhaler treatments are ordered and delivered to the
facility.  Albuterol medication is considered a rescue

treatment, and it is administered by a nebulizer as opposed to an inhaler.

CCP and PrimeCare also maintained oral and dental care policies.  These policies include "extraction and other work for an emergency nature as needed and . . . specify how an inmate is to obtain the available dental treatment," as required by 37 Pa. Code § 95.232.  These policies also comply with guidelines published by the American Correctional Association, which state, "Oral health services include access to diagnostic x-rays, treatment of dental pain, development of individual treatment plans, extraction of non-restorable teeth, and referral to a dental specialist, including an oral surgeon."

Plaintiff arrived at CCP on July 14, 2023 for intake. At that point, he participated in an initial health screen process with PrimeCare staff.  He identified a history of asthma and reported difficulty breathing.  Although plaintiff has provided an affidavit from another inmate, Chris Haas, which similarly states that plaintiff had difficulty breathing and asked multiple times for an inhaler, plaintiff's oxygen levels, respirations rate, and peak flow were all measured with precision and were normal.  Plaintiff also notified staff of existing prescriptions for Dulera and Albuterol to treat his asthma.  He did not report tooth pain at that time.

4

Plaintiff states that he did not receive access to Dulera until nine days after arriving at CCP. His family dropped off his inhaler concurrently with his arrival at CCP. CCP maintains a practice of using medications provided by inmates to reduce delays caused by ordering medication. Additionally, medical records supplied by both defendants and plaintiff show that PrimeCare staff placed orders for both Dulera and Albuterol the day plaintiff arrived at CCP.

While he was incarcerated at CCP, plaintiff never suffered a medical emergency involving asthma. Nor was he ever housed in CCP's medical unit due to an asthmatic episode. Indeed, during a September 20, 2023 medical assessment with PrimeCare staff, plaintiff reported no current asthma symptoms. During that same period, plaintiff routinely missed his scheduled Dulera treatments. Nevertheless, his Dulera prescription was refilled six times: on August 16, 2023, December 18, 2023, January 12, 2024, February 5, 2024, February 29, 2024, and March 26, 2024. He was also evaluated for chronic asthma care at least three times: on September 20, 2023, December 13, 2023, and March 4, 2024.

Plaintiff did not report tooth pain until July 27, 2023. He was assessed for this complaint by PrimeCare staff on August 2, 2023 and was evaluated by a licensed dentist on August 10, 2023 for reported tooth pain, suspected cavities, and a

request for a cleaning.  The dentist noted no decay on
Plaintiff's teeth but performed a cleaning.  Taylor again
reported tooth pain on November 7, 2023.  Records indicate that
plaintiff refused to see the dentist during his scheduled
appointment on December 5, 2023, although plaintiff claims that
these records have been fabricated.  Plaintiff was evaluated for
dental issues again on February 8 and February 12, 2024.  On
February 26, 2024, his records note that he refused to see
another licensed dentist.  He was never diagnosed with cavities.

                              III.

          Plaintiff alleges pursuant to 42 U.S.C. § 1983 that
CCP and PrimeCare acted with deliberate indifference to his
dental needs and his asthma in violation of his rights under the
Fourteenth Amendment to the United States Constitution.
Plaintiff's claims for inadequate medical care in violation of
the Fourteenth Amendment are evaluated under the same standard
as the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 103-04
(1976).  To prevail, plaintiff must prove: (1) that he had a
serious medical need; and (2) that defendants acted with
deliberate indifference to that medical need.  Natale v. Camden
Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (citing
Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

          A serious medical need is "one that has been diagnosed
by a physician as requiring treatment or one that is so obvious

that a layperson would easily recognize the necessity for a doctor's attention." Thomas v. City of Harrisburg, 88 F.4th 275, 281 (3d Cir. 2023) (quoting Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347-48 (3d Cir. 1987)).

Defendants concede that plaintiff is a diagnosed asthmatic. Nonetheless, there are no facts in the record to suggest that plaintiff had a serious medical need as to any cavities. Although plaintiff avers that he did have cavities and submitted "sick call slips" to that effect, he saw a dentist on numerous occasions and was never diagnosed with cavities during his stay at CCP. He has provided no evidence to support his assertion that he had cavities. Although he may have had tooth pain, he was prescribed antibiotics and medication for the pain.

To survive a motion for summary judgment, plaintiff must not only point to evidence that he had serious medical needs but also come forward with evidence that defendants acted with deliberate indifference towards those needs. Deliberate indifference is a subjective standard, consistent with recklessness in the criminal context. Thomas v. City of Harrisburg, 88 F.4th 275, 281 (3d Cir. 2023). To be deliberately indifferent, a defendant must be aware not only of facts from which it is reasonable to infer that a substantial risk of harm to the inmate exists but must also actually infer that a

substantial risk of harm does exist.  Id.  Our Court of Appeals
has advised that showing deliberate indifference is a high bar
where medical attention has been rendered and the dispute
pertains to the adequacy of the treatment.  Palakovic v. Wetzel,
854 F.3d 209, 227 (3d Cir. 2017).  While prison staff may act
with deliberate indifference where they fail to take
"reasonable" measures to mitigate a known serious risk of harm,
see Parkell v. Danberg, 833 F.3d 313, 335 (3d Cir. 2016),
"[m]ere disagreements between the prisoner and the treating
physician over medical treatment do not rise to the level of
deliberate indifference."  Stewart v. Kelchner, 358 F. App'x
291, 296 (3d Cir. 2009) (citing Spruill v. Gillis, 372 F.3d 218,
235 (3d Cir. 2004)).

        The record establishes that plaintiff received medical
attention for both his asthma and his dental pain.  He was
prescribed a Dulera inhaler, which he was instructed to take
twice a day.  He routinely failed to do so of his own volition.
He seems to argue that CCP and PrimeCare acted with deliberate
indifference in prescribing an Albuterol nebulizer as opposed to
an Albuterol inhaler.  He does not come forward with any
evidence, however, that a nebulizer is substantially less
effective than an inhaler.  Indeed, the testimony of PrimeCare
staff at depositions and defendants' expert testimony state that
nebulizers are equally or more effective than inhalers.  A

disagreement of this kind between an inmate and his treating physicians without more does not constitute deliberate indifference.  See Stewart, 358 F. App'x at 296.

Nor has plaintiff produced any evidence that defendants acted with deliberate indifference towards his dental problems.  As mentioned, there is nothing in the record to show that he had any cavities.  He was seen by a dentist on multiple occasions.  The dentist noted no tooth decay.  For his tooth pain, plaintiff was prescribed pain medications and antibiotics. There is nothing before the court which points to anything but adequate dental care.

Plaintiff also sued CCP and PrimeCare on a Monell theory of liability.  Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).  That is, he alleges that CCP and PrimeCare have a policy or custom of denying dental care and asthma care for nonmedical reasons.  His claim fails for two reasons.

First, a person may not recover under a Monell theory of liability based on a policy or custom where they have suffered no constitutional injury at the hands of an individual state actor.  City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).  As discussed, plaintiff has shown nothing in the record on which a reasonable jury could find that individual CCP and PrimeCare staff acted with deliberate indifference towards a

serious medical need.  He therefore cannot recover for a policy of deliberate indifference.

Second, even if a fact issue did exist as to his purported denial of care, plaintiff has presented no evidence to suggest that either CCP or PrimeCare maintained a policy or custom causing constitutional harm.  For a policy, plaintiff must show that "an official with final decision-making authority has issued an official proclamation, policy, or edict."  Baloga v. Pittston Area Sch. Dist., 927 F.3d 742, 761 (3d Cir. 2019) (quotations omitted).  For a custom, plaintiff must show that "a course of conduct, though not authorized by law, was so permanent and well settled as to virtually constitute law."  Id.

Plaintiff has come up empty in his effort to demonstrate that a CCP or PrimeCare policymaker maintained a policy or custom of denying dental or asthma care.  Defendants, on the other hand, present overwhelming evidence of the opposite.  They maintain official, detailed policies regarding dental and asthma care, all of which have been sanctioned by the NCCHC and the ACA.  Defendants' expert has analyzed records that show that CCP and PrimeCare perform dental work for inmates on a regular basis, and all PrimeCare staff and CCP correctional officers are trained in how to recognize and address asthmatic emergencies.

There is no genuine dispute of material fact.  CCP and PrimeCare have provided adequate care to plaintiff for his dental issues and his asthma.  There is no evidence of deliberate indifference.

Accordingly, the motion of defendants for summary judgment against plaintiff Shawn Taylor will be granted.